UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JANET HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2574 (RBW) |
| | ) | |
| DR. KILOLO KIJAKAZI,[1] in her official capacity as Acting Commissioner of Social Security, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

The plaintiff, Janet Harvey, brings this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), against the defendant, Dr. Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration, seeking judicial review of the decision by an administrative law judge ("ALJ") denying her application for Social Security Disability Benefits and Supplemental Security Income benefits. See Complaint ("Compl.") at 1, ECF No. 1. Currently pending before the Court are the plaintiff's motion for judgment of reversal, see Plaintiff's Motion for Judgment of Reversal ("Pl.'s Mot."), ECF No. 14, and the defendant's motion for judgment of affirmance, see Defendant's Motion for Judgment of Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal ("Def.'s Mot."), ECF No. 15. Upon careful consideration of the parties' submissions,[2] the Court concludes for the following reasons that it must grant the plaintiff's

---

[1] Dr. Kilolo Kijakazi is the current Acting Commissioner of Social Security, and she is therefore substituted for Andrew Saul as the proper party defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Administrative Record ("A.R."), ECF No. 12; (2) the Defendant's Memorandum in Support of His Motion for Judgment of Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal ("Def.'s

(continued . . .)

motion for reversal, deny the defendant's motion for affirmance, reverse the ALJ's decision, and remand the case to the agency for further proceedings.

**I.     BACKGROUND**

**A.     Statutory and Regulatory Framework**

Pursuant to the Social Security Act (the "Act"), an individual is entitled to disability benefits if he or she is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]

42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is entitled to benefits, an ALJ "gathers evidence, holds a hearing, [and] takes testimony," which may include testimony by a vocational expert. Kim M. v. Kijakazi, No. 20-cv-2072 (GMH), 2021 WL 4033060, at *1–2 (D.D.C. Sept. 3, 2021). The ALJ then "performs [a] five-step, sequential inquiry of the [claimant's] disability claim[,]" as set forth in 20 C.F.R. § 404.1520. Id.

> First, the claimant must show that she is not presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). Second, she must demonstrate that she has a "severe impairment" that "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. §§ 416.920(a)(4)(ii), 416.920(c). Third, the claimant must show that her impairments or combination of impairments "meets or equals" one of the listings at 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 416.920(a)(4)(iii). If they do, then the claimant is deemed disabled, and the inquiry ends. Id. If not, the ALJ must proceed to the fourth step, which requires the ALJ to determine the claimant's residual functional capacity and consider whether, in light of that capacity, the claimant can still perform work that she has done within the past [fifteen] years (if the claimant has indeed done such work). See 20 C.F.R. §§ 416.920(a)(4)(iv), 416.960(b)(1). Fifth, if the claimant's capacity indicates that she cannot engage in

---

(. . . continued)
Mem."), ECF No. 16; (3) the Plaintiff's Reply in Support of Motion for Judgment of Reversal and Opposition to Defendant's Motion for Judgment of Affirmance ("Pl.'s Reply."), ECF No. 17; and (4) the Plaintiff's Notice of Supplemental Authority ("Pl.'s Supp. Auth."), ECF No. 19.

> past work, then the burden shifts to the [agency] to prove that the claimant's capacity, age, education, and past work experience indicate that she is able to perform "other work" that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v); Butler[v. Barnhart], 353 F.3d [992,] 997[(D.C. Cir. 2004)].

Mitchell v. Kijakazi, No. 19-cv-2560 (DLF), 2021 WL 5310541, at *2 (D.D.C. Nov. 15, 2021). "Through the first four steps of this inquiry, the claimant bears the burden of proof[;]" however, at step five, "the burden shifts to the [agency] to identify specific jobs sufficiently available in the national economy that the claimant can perform." Callahan v. Astrue, 786 F. Supp. 2d 87, 89 (D.D.C. 2011).

Pursuant to 42 U.S.C. § 423(d)(2)(C), "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the [ ] determination that the individual is disabled." In such situations, the ALJ "must determine whether the substance abuse is a contributing factor material to the determination of disability." See 20 C.F.R. § 404.1535(a). The critical inquiry in determining whether substance abuse is a contributing factor material to the disability determination "is whether [the claimant] would still be disabled if [she] stopped using drugs or alcohol." See 20 C.F.R. § 404.1535(b)(1). In making this determination, the ALJ will "evaluate which of [the] physical and mental limitations, upon which [the current disability determination was based], would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the] remaining limitations would be disabling." See 20 C.F.R. § 404.1535(b)(2). Ultimately, if the claimant's "substance abuse was a material contributing factor to [the claimant]'s impairments, [the claimant is] disqualif[ied]" from receiving benefits based on having a disability. Meriwether v. Astrue, No. 12-cv-67 (KBJ/AK), 2014 WL 8850108, at *7 (D.D.C. Nov. 24, 2014).

B.     **The Plaintiff's Claims and the Procedural History**

On July 3, 2014, the plaintiff filed applications for disability insurance benefits and supplemental security income (collectively "the application"). See A.R. at 217–18, 224–30. The application alleged that the plaintiff was disabled as of April 4, 2009. See id. The plaintiff represented that her disability was due to depression, bipolar disorder, seizures, arthritis, asthma, and hypertension. Id. at 235. Disability adjudicators denied the plaintiff's application initially on December 5, 2014, see id. at 70–77, and again on September 1, 2015, following the plaintiff's request for reconsideration, see id. at 89–103. Thereafter, on September 11, 2015, the plaintiff "request[ed a] hearing by [an ALJ]." Id. at 140.

On November 29, 2017, an ALJ held a hearing regarding the denial of the plaintiff's application. See id. at 42. The plaintiff, represented by counsel, appeared and testified at the hearing, along with a vocational expert, Edith J. Edwards. See id. The plaintiff testified that for approximately six months spanning 2002–2003 she was employed part-time by a Safeway supermarket. Id. at 46. She then testified that she worked part-time for a Shoppers Food Warehouse supermarket for approximately seven months in 2003. Id. at 47. Furthermore, the plaintiff testified that she also worked part-time for Ahold USA—the parent company of Giant Food Stores—for approximately two months in 2006. Id. at 48. For these periods of employment, the plaintiff testified that she held positions as a checkout cashier and in the stores' deli departments. Id. at 48–49.

Edwards then testified about the circumstances surrounding the plaintiff's work history. During her testimony, the ALJ "pose[d] a few hypotheticals" regarding a theoretical "individual between the ages of [thirty-seven] and [forty-five] . . . [with] an eighth[-]grade education and [ ]

4

past relevant work experience as a cashier, . . . a deli cutter-slicer, . . . and . . . a food service manager[.]" Id. at 52–53. The ALJ then, inter alia, asked Edwards the following:

> [i]f we were to assume that a person with that background had the ability to perform a full range of medium work, provided such work not require performing more than simple one to four-step routine, repetitive tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with coworkers and supervisors and no contact with the general public and which would not require a fast pace or production quotas such as would customarily be found on an assembly line[, g]iven that background and those limitations, could any of the past jobs be performed?

A.R. at 52–53. In response to the ALJ's hypotheticals, Edwards "testified that the demands of the [plaintiff]'s past relevant work exceed the residual functional capacity for a limited range of medial exertional work." Id. at 26; see id. 53–55.

Thereafter, the plaintiff provided additional testimony regarding her mental health. Id. at 56. The plaintiff stated that her mental health issues started when she was an adult, and she described her symptoms. Id. at 56–57. The plaintiff represented that, when depressed, she does not "get out of bed[,] . . . bathe [her]self[,] . . . [or] comb [her] hair[,]" and "[i]t just seems that [she has] no hope for anything[,] . . . like the world is crashing down on [her]." Id. at 57. The plaintiff further testified that she hears voices that "tell [her] to hurt [her]self." Id. Additionally, the plaintiff described her struggles living in a homeless shelter and the difficulties that she had interacting with other people. Id. at 57–59.

The ALJ agreed with the plaintiff's position that she is disabled. See A.R. at 18; see also Pl.'s Mot. at 1, Def's Mot. at 4–5. Specifically, the ALJ determined that the plaintiff had the following "severe impairments:"

> a mental impairment variously diagnosed as post-traumatic stress disorder (PTSD), psychosis not otherwise specified, cocaine dependence, chronic substance abuse, bipolar I with psychotic features, cocaine abuse, bipolar disorder with psychotic features, heroin dependence, schizoaffective disorder,

5

>schizoaffective disorder not otherwise specified, major depression, bipolar I disorder, major depressive disorder with psychosis, cocaine induced mood disorder, cocaine induced psychosis, and benzodiazepine abuse; and obesity not otherwise specified[.]

A.R. at 18.

Based on the testimony and evidence presented at the hearing, the ALJ further concluded that, although the plaintiff was disabled, she did not qualify for the receipt of benefits because she would not be disabled but for a history of substance use. See id. at 26–35. According to the ALJ, the "record reveal[ed] relatively mild limitations in the absence of substance use[,]" id. at 31, and there was no documentation of "any substance use or significant limitations in the [plaintiff]'s mental functioning during [an] extended period of sobriety[,]" id. at 32. The ALJ afforded little weight to contrary medical opinion evidence, including the opinions provided by the plaintiff's long-time psychiatrist, based upon, among other reasons, the conclusion that those opinions were "not fully persuasive or consistent with the evidence of record." Id. at 33.

On May 8, 2018, the plaintiff requested that the Appeals Council review of the ALJ's decision, see id. at 214, and, on September 6, 2018, the Appeals Council denied the plaintiff's request for review, see id. at 1. The plaintiff filed this civil action on November 9, 2018. See generally Compl.

## II.   STANDARD OF REVIEW

Pursuant to the Social Security Act (the "Act"), a claimant may seek judicial review of an ALJ's decision by a federal district court. See 42 U.S.C. § 405(g). A district court has discretion "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing." Faison v. Colvin, 187 F. Supp. 3d 190, 193 (D.D.C. 2016) (internal quotation marks omitted). However, the "district court's review of the [ALJ's] findings of fact is limited to whether those

6

findings are supported by substantial evidence[,]" Dunham v. Astrue, 603 F. Supp. 2d 13, 17 (D.D.C. 2009), meaning such relevant evidence as "a reasonable mind might accept as adequate to support a conclusion[,]" Butler, 353 F.3d at 999. This standard of review "requires more than a scintilla[] but can be satisfied by something less than a preponderance of evidence[,]" id. (internal quotation marks omitted), and "is highly deferential to the agency fact-finder[,]" Jeffries v. Astrue, 723 F. Supp. 2d 185, 189 (D.D.C. 2010) (internal quotation marks omitted). However, the ALJ must "ha[ve] analyzed all evidence and [ ] sufficiently explained the weight he [or she] has given to obviously probative exhibits." Lane-Rauth v. Barnhart, 437 F. Supp. 2d 63, 65 (D.D.C. 2006) (internal quotation marks omitted). The plaintiff "bears the burden of demonstrating that the [ALJ's] decision [was] not based on substantial evidence or that incorrect legal standards were applied." Cooper v. Berryhill, No. 16-cv-1671 (DAR), 2017 WL 4326388, at *3 (D.D.C. Sept. 28, 2017) (internal quotation marks omitted).

### III.  ANALYSIS

The plaintiff argues that, while "[t]he ALJ correctly noted that [the plaintiff] is both disabled and has a substance use disorder[,] . . . he violated [the Act]'s rules requiring [the ALJ] to determine whether [the plaintiff's] disability would improve to the point of non-disability in the absence of her substance abuse disorder." Pl.'s Mot. at 8. According to the plaintiff, the ALJ's decision was based on

> speculat[ion] that the cessation of [drug] use would allow [the plaintiff] to work, contrary to an abundance of evidence in the record, including the opinion of her treating psychiatrist, the persistence of [the plaintiff]'s marked symptoms and obvious inability to work during occasional periods of sobriety, and expert opinions that [the plaintiff]'s substance use was a coping mechanism for her severe mental health disorders rather than the underlying cause of her disability.

Id. The plaintiff contends that the ALJ's "flawed analysis of the evidence[] require[s] reversal." Id.

7

Specifically, the plaintiff contends that the ALJ erred (1) in finding that substance use was material to the plaintiff's disability and (2) by relying on testimony by the vocational expert in response to the ALJ's hypothetical questions.  See id. at 9, 17.  As the basis for her first argument, the plaintiff asserts that the ALJ inadequately weighed the opinion rendered by her treating psychiatrist, and that the ALJ inadequately assessed the plaintiff's drug use as a coping mechanism.  See id. at 16.  In response, the defendant argues that "[s]ubstantial evidence supports the ALJ's decision that, absent [the p]laintiff's drug abuse, she was not disabled."  Def.'s Mem. at 7.  For the following reasons, the Court concludes that the ALJ inadequately explained why significant weight was not given to the plaintiff's psychiatrist's medical opinions, which determined that the plaintiff's substance use was not the cause of her disability.  Accordingly, because that deficiency is alone sufficient to require that the case be remanded to the agency, the Court will reverse the ALJ's decision and remand this case to the defendant for further proceedings.

The plaintiff states that her treating psychiatrist, Dr. Ronald Koshes, provided medical opinions that "explicitly ruled out substance abuse as the cause of [the plaintiff]'s disability." Pl.'s Mot. at 11; see also A.R. at 708–09 (July 23, 2015 Mental Capacity Assessment by Dr. Koshes).  The plaintiff argues that the ALJ "erroneously discounted Dr. Koshes'[s] amply supported opinion and failed to give a good reason for doing so."  Pl.'s Mot. at 12.  The defendant responds that "the ALJ found [Dr. Koshes's] opinions unpersuasive because they were inconsistent with evidence of [the p]laintiff's pattern of improvement during periods of abstinence from heroin and crack cocaine[.]"  Def.'s Mem. at 11 (citing A.R. at 33–34).  According to the defendant, Dr. Koshes's "extreme opinions were inconsistent with his own findings over time[,]" and "the ALJ discussed such relevant evidence as a reasonable mind might

accept as adequate to support it." Id. at 14 (citing Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019)).  In reply, the plaintiff reiterates that "[t]he dispositive legal error in this case was the ALJ's decision to give the opinion of [Dr. Koshes] only 'little' or 'partial' weight, instead of controlling or great weight[, and t]his error was dispositive because Dr. Koshes explicitly ruled out substance abuse as the cause of [the plaintiff]'s disability." Pl.'s Reply at 2.

"[W]here a 'claimant's treating physicians have a great familiarity with [her] condition, their reports must be accorded substantial weight.'" Kenner v. Berryhill, 316 F. Supp. 3d 530, 536 (D.D.C. 2018) (quoting Holland v. Berryhill, 273 F. Supp. 3d 55, 63 (D.D.C. 2017)). Accordingly, "a treating physician's report is 'binding on the fact-finder unless contradicted by substantial evidence.'" Butler, 353 F.3d at 1003 (quoting Williams v. Shalala, 997 F.2d 1494, 1498 (D.C. Cir. 1993)).  When an ALJ rejects a treating physician's opinion, "the ALJ bears the burden of explaining why he [did so] and how the doctor's assessment is contradicted by substantial evidence." Kenner, 316 F. Supp 3d at 537 (internal quotation marks omitted). "Generally, an ALJ does so by consideration of (1) '[l]ength of the treating relationship and frequency of examination[ ]'; (2) '[n]ature and extent of the treating relationship[ ]'; (3) '[s]upportability[ ]'; (4) '[c]onsistency[ ]'; (5) '[s]pecialization[,]' and (6) '[o]ther factors . . . which tend to support or contradict the medical opinion.'" Id. (quoting 20 C.F.R. § 404.1527(c)(2)).  A "'bare statement' rejecting the opinion, without an explanation of the reason for doing so, is insufficient." Jackson v. Berryhill, 268 F. Supp. 3d 155, 131 (D.D.C. 2017) (citing Jones v. Astrue, 647 F.3d 350, 355 (D.C. Cir. 2011)).  A fundamental rule of administrative law requires that the explanation must be articulated by the ALJ—not the defendant in its motion papers or the Court.  See id. (citing Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196, (1947)).  However, this Circuit has held that the ALJ's failure to

9

"expressly state his reason for not applying the treating physician rule is of no moment [where he or she] note[s] the contradictory evidence in the record, which record supplies the reason." Jackson, 268 F. Supp. 3d at 131 (citing Williams, 997 F.2d at 1499))

Here, the ALJ described Dr. Koshes's opinions, which the ALJ granted little weight, as follows:

> [i]n February 2009, Dr. Koshes opined that the claimant had marked t[w]o extreme limitations in the paragraph B areas of mental functioning. He also opined that her condition would prevent her from working through March 2010. In November 2014, Dr. Koshes opined that symptoms of major depression affect her concentration, persistence, and pace markedly. He stated that she is not able to gain or sustain substantial employment, but could manage her own benefits. In July 2015, he opined that the claimant had moderate to extreme limitations in the paragraph B areas of mental functioning. He further stated that she would not be able to sustain work for periods of days at a time and that her ability to concentrate, focus, persist in tasks, and develop appropriate pace in a work setting is severely impaired despite treatment. That month, he also opined that the claimant's mental impairment met listings 12.03 and 12.04. The foregoing opinions are not persuasive in the absence of the claimant's substance abuse. For example, examination findings during periods of sobriety show that the claimant's insight and judgment were fair. Her speech was within normal limits. Her thoughts were goal-directed. She did not exhibit gross cognitive defects. Accordingly, the foregoing opinions receive little weight.
>
> In November 2017, Dr. Koshes opined that the claimant's impairments would prevent her from working a full time job. The aforementioned opinion receives partial weight. The undersigned notes that Dr. Koshes['s] opinion is not persuasive in considering the claimant's functionality without drug use. However, the undersigned finds the opinion persuasive to the extent that it supports mild limitations in her mental functioning absent drug use. For example, examination findings during periods of sobriety show that the claimant's insight and judgment were fair. Her speech was within normal limits. Her thoughts were goal-directed. She did not exhibit gross cognitive defects.

A.R. at 25 (internal citations omitted). In other words, the ALJ determined that he would not consider Dr. Koshes's opinions as binding because "findings during periods of sobriety" supposedly contradicted Dr. Koshes's assessments. Id.

10

However, there is no indication from the ALJ's decision that the ALJ considered—or found substantial evidence to discount—Dr. Koshes's "great familiarity with [the plaintiff's] condition," Holland v. Berryhill, 273 F. Supp. 3d 55, 63 (D.D.C. 2017) (quoting Butler, 353 F.3d at 1003), or any other enumerated factor that the ALJ was required to evaluate.  Where an ALJ does not afford a treating physician's opinions controlling weight, the ALJ is required to "explain why those opinions were rejected by undertaking an analysis of the six factors enumerated in 20 C.F.R. § 404.1527(c)(2)." Kenner, 316 F. Supp. 3d at 538.  While the ALJ here plainly considered evidence of the plaintiff's capabilities during isolated periods of sobriety in assessing Dr. Koshes's medical opinions, see A.R. at 25, 33, the ALJ ultimately did not explain how this evidence contradicted the medical opinions in the record and under which of the section 404.1527(c)(2) factors he considered this evidence, see id. at 30 (stating merely, without elaboration, that the ALJ "considered opinion evidence in accordance with the requirements of [section] 404.1527" generally).  Moreover, the ALJ failed "even to acknowledge[ ]the treating physician rule." Kenner, 316 F. Supp. 3d at 537.  While an ALJ's failure to "expressly state [his or her] reason for not applying the treating physician rule is of no moment [where he or she] note[s] the contradictory evidence in the record, which record supplies the reason[,]" Jackson, 268 F. Supp. 3d at 131, as the plaintiff correctly indicates, "Dr. Koshes [was] the only medical professional who opined on whether [the plaintiff]'s disabling symptoms and impairments were caused by substance abuse rather than her bipolar and schizoaffective disorders," Pl.'s Reply at 5.  Indeed, Dr. Koshes determined that, "based on [his] face-to-face sessions and [his] review of [the plaintiff's] mental health treatment records," A.R. at 974, she suffered from impairments that were "not caused by a substance abuse disorder[,]" id. at 975.  Therefore, the ALJ's references to the plaintiff's purported abilities during periods of sobriety are not based on any

11

actual contrary medical evidence from the record, see Holland, 273 F. Supp. 3d at 63 (concluding that the ALJ in that case adequately explained the conclusion that a claimant "ha[d] the residual functional capacity to perform light work[,]" where "the ALJ assigned more weight to [contrary medical] opinions[]"). Without any such references, and without indicating whether Dr. Koshes's opinions were "devoid of evidentiary support[,]" Erica R. v. Kijakazi, No. 20-cv-0635 (JEB/GMH), 2021 WL 4267924, at *12 (D.D.C. Aug. 31, 2021), report and recommendation adopted, 2021 WL 4262489 (D.D.C. Sept. 20, 2021), the Court cannot conclude that the ALJ based his decision to afford Dr. Koshes's opinions little weight on substantial evidence.[3]

The defendant identifies several areas in the record that "provide[] further explanation[]" for the ALJ's assessments. See Def.'s Mem. at 12. These references include, inter alia, reports from April 2014 that the plaintiff was "alert, appropriately dressed[,] and groomed[,]" A.R. at 545, and reports from June 2015 that the plaintiff had "normal" motor abilities, "[s]peech [w]ithin normal limits[,]" and "[l]inear, [l]ogical, [and g]oal-directed" thought processes, A.R. at 731. Even if some of these reports did not indicate that the plaintiff was experiencing ongoing mental health issues, but see, e.g., id. (indicating the following: "[p]aranoid, [a]uditory hallucinations, [and v]isual hallucinations."), arguments in the defendant's brief are not a substitute for the deficient articulations in the ALJ's determination regarding the weight to be accorded Dr. Koshes's opinions, see Butler, 353 F.3d at 1002 (declining to accept the

---

[3] The ALJ, in fact, does not appear to have accorded any of the medical opinions in the record, including the plaintiff's [Global Assessment of Functioning] scores, which were construed as a medical opinion, anything more than "little" weight. See A.R. at 22–26. The one exception is an opinion that the ALJ accorded "partial weight"— Dr. Koshes's opinion "that the [plaintiff]'s impairments would prevent her from working a full time job[,]" which was selectively afforded weight only insofar as it did not imply that the plaintiff would remain "[non]function[al] without drug use." Id. at 33.

12

defendant's interpretation of the ALJ's opinion evidence assessment where the "lengthy record" was devoid of "substantial evidence supporting the ALJ's determination").

Accordingly, the Court concludes that remand to the defendant is required in light of the ALJ's failure to identify substantial evidence that supports the ALJ's decision to not give Dr. Koshes's medical opinions controlling weight. Therefore, "upon remand, 'the ALJ should explain what weight he attaches to [Dr. Koshes's] conclusions, or if he attaches none, his reason therefor." Butler, 353 F.3d at 1003 (quoting Simms, 877 F.2d at 1053). The Court agrees with the plaintiff that this issue is dispositive, at least to the extent that the Court has determined that remand is appropriate on this issue alone. Pl.'s Reply at 2. Indeed, the weight accorded by the ALJ to the medical opinions in the record—specifically, Dr. Koshes's opinions—will impact the additional issues raised by the plaintiff, namely, her contention that her drug use was a coping mechanism and her contention that the answers to the hypothetical questions posed to the vocational expert were improper grounds upon which the ALJ's decision could rely. See generally Pl.'s Mot.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it must grant the plaintiff's motion for reversal, deny the defendant's motion for affirmance, reverse the ALJ's decision, and remand to the agency for further proceedings in compliance with this Memorandum Opinion.

**SO ORDERED** this 6th day of July, 2022.[4]

REGGIE B. WALTON<br>
United States District Judge

---

[4] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.